# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

JAY CRAMIN,

    Plaintiff,

v.                                                      Case No. 21-cv-2532

ALUMA-FORM, INC.,

    Defendant.

## COMPLAINT FOR VIOLATIONS OF THE FMLA

COMES NOW Plaintiff Jay Cramin ("Mr. Cramin") and files this complaint against his employer Defendant Aluma-Form, Inc. ("Defendant") seeking to redress the deprivation of rights guaranteed to Plaintiff under the Family and Medical Leave Act of 1993 ("FMLA"), as codified at 29 U.S.C. §§ 2601 *et seq.* In support, Plaintiff states as follows:

### I. JURISDICTION

1.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2) to adjudicate claims filed under the FMLA.

### II. STATEMENT OF FACTS

2.    Plaintiff Jay Cramin is a male citizen of the United States and at all pertinent times herein has resided in Shelby County, Tennessee.

3.    Pursuant to 29 U.S.C. § 2611(2)(A)(ii), Mr. Cramin is an "eligible employee" as the term is defined under the Family and Medical Leave Act of 1993 because he was employed by Defendant beginning in approximately 1998 and worked more than 1,250 hours within the twelve (12) month period preceding his taking of FMLA-leave in May 2021.

4. Defendant Aluma-Form, Inc. is a domestic for-profit corporation incorporated in Tennessee with its principal place of business located at 3625 Old Getwell Rd., Memphis, TN 38118. Aluma-Form is a manufacturer and supplier of fiberglass, aluminum, and apitong wood product for electric utility and communications industries.

5. Pursuant to 29 U.S.C. § 2611(4)(A)(i), Defendant is an "employer" as the term is defined under the FMLA because Defendant is engaged in commerce or an industry or activity affecting commerce and has employed more than fifty (50) employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year.

6. Mr. Cramin began work for Defendant at its 3625 Old Getwell Rd. location in 1998.

7. For the past 23 years of his employment with Defendant, his supervisors have considered him an excellent employee, and his performance has met or exceeded expectations.

8. For the past 5 years, Mr. Cramin has worked in the position of Maintenance Manager. Additionally, for approximately the past 1.5 years, Mr. Cramin has assumed and performed the role and responsibilities of the Environmental Health Safety Manager. In these positions, he reported directly to Chris Beall, Director of Manufacturing. Mr. Beall had told Mr. Cramin that he was a manager, and Mr. Cramin was required to attend the morning managers' meeting. He also worked first shift from 6:00 a.m. to 2:30 p.m.

9. In December 2020, Mr. Cramin's wife was diagnosed with multiple sclerosis.

10. In late-April/early-May 2021, Ms. Cramin's wife's condition worsened to the point that Mr. Cramin was forced to request FMLA leave beginning on May 5, 2021 to care for

her.

11.   Mr. Cramin's wife's medical condition constituted a serious health condition as the term is defined under the FMLA and its implementing regulations.  *See* 29 C.F.R. § 825.113 and 29 C.F.R. § 825.115.

12.   Mr. Cramin's request for FMLA-protected leave was approved by Defendant and scheduled to last from May 5, 2021 until July 27, 2021.

13.   On Thursday, July 22, 2021, Mr. Cramin spoke on the telephone to Terence Willis in Defendant's Human Resources department.  Mr. Willis informed Mr. Cramin that when he returned on July 28, 2021, he would not return to his former position.  Instead, he would return to work on the second shift in the position of Production Supervisor.

14.   Defendant also changed who would directly manage or supervise Mr. Cramin. Instead of Cramin reporting directly to Mr. Beall, the Director of Manufacturing, Defendant made Mr. Cramin report to Tony Burnett, the Operations Manager.  Mr. Burnett reports directly to Mr. Beall, and Defendant was aware that Mr. Cramin had previously complained that Mr. Burnett was unfairly hostile and harassing towards him.

15.   On Monday, July 26, 2021, Defendant placed a newly hired woman in Mr. Cramin's position of Environmental Health Safety Manager.

16.   Also, on Monday, July 26, 2021, Defendant had Richard Metz, an employee who worked out of a Mississippi location, assume Mr. Cramin's responsibility as Maintenance Manager.

17.   On Tuesday, July 27, 2021, Mr. Cramin returned to work and was placed in the second shift, which is from 2:40 p.m. to 12:10 a.m.  He was not returned to the same position he

occupied before he left for FMLA-protected leave. He also was not returned to the first shift.

18. Prior to Mr. Cramin going on leave, he had repeatedly discussed with his manager that working the first shift was very important and that he relied on the first shift to provide care for and manage his wife's medical condition. Specifically, he had said that his daughter was able to be home with his wife and help care for her during the time that Mr. Cramin was working. Mr. Cramin's daughter would leave for work shortly before lunch time, which meant that Mr. Cramin's wife was only home alone for a short period of time before Mr. Cramin would finish his shift.

19. Mr. Cramin's wife is especially susceptible to injury from a fall in the late afternoon, as her condition results in her tiring more and more as the day goes on. With Mr. Cramin working second shift, he does not return home until after he finishes his shift at 12:10 a.m. By this time, Mr. Cramin's wife has been home alone for more than 12 hours.

20. Under the FMLA, an employee who avails himself of protected-leave under the FMLA is entitled to be reinstated to either the same position occupied before the leave, or an equivalent position with equivalent pay, benefits, and other terms and conditions of employment. 29 U.S.C. § 2614(a)(1); 29 C.F.R. § 825.214.

21. Under the FMLA, an "equivalent position must have substantially similar duties, conditions, responsibilities, privileges and status as the employee's original position." 29 CFR § 825.215(e). An employee is entitled to return to the same shift or the same or an equivalent work schedule. 29 CFR § 825.215(e)(2).

22. Under the FMLA, employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions. *See* 29 C.F.R. §

4

825.220(c). Moreover, the FMLA prohibits employers from discharging or in any other way discriminating against any person for opposing or complaining about any unlawful practice under the Act. *See* 29 C.F.R. § 825.220(a).

23. Here, Defendant violated Mr. Cramin's rights under the FMLA by failing to return him to the same position he held prior to taking FMLA protected leave.

24. Further, Defendant violated Mr. Cramin's rights under the FMLA by not returning him to an equivalent position with equivalent pay, benefits, and other terms and conditions of employment.

25. Defendant also violated Mr. Cramin's rights in an attempt to force him to leave his employment by placing him in a position that it knew would place a substantial hardship on him in the continued care of his wife. Further, it violated his rights and attempted to force him to leave his employment by having him report to Mr. Burnett, who had previously harassed Mr. Cramin and who had been a peer of Mr. Cramin's prior to Mr. Cramin's taking FMLA-protected leave as both had directly reported to Mr. Beall.

26. Defendant's actions will cause Mr. Cramin to suffer a loss of income as he will be forced to take time off from work without pay to provide care for his wife that he would not have had to take had he remained in his previous position on the first shift.

### III. CAUSE OF ACTION

27. Plaintiff incorporates the foregoing paragraphs and would state:

28. The actions of Defendant violated and continue to violate 29 U.S.C. § 2615(a)(1) and 29 U.S.C. § 2615(a)(2), as well as any other provision of the FMLA not specifically named which affords protection to Plaintiff.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

29. This Court assume jurisdiction in this matter and set this case promptly for trial;

30. That this Court enter a declaratory judgment declaring the actions of Defendant to be in violation of 29 U.S.C. § 2601 *et seq.*;

31. That the Court enter injunctive relief returning Plaintiff to his same position with the same terms and conditions of employment;

32. That Plaintiff be awarded money damages in an amount equivalent to his loss of wages, salary, employment benefits and other compensation, with interest, as provided by 29 U.S.C. § 2617(a)(1)(A)(i)(I) and § 2617(a)(1)(A)(ii);

33. That Plaintiff be awarded liquidated damages in an amount equal to his loss of wages, salary, employment benefits and other compensation, with interest, as provided by 29 U.S.C. § 2617(a)(1)(A)(iii);

34. That this Court award Plaintiff reasonable attorney's fees, reimbursement for costs and expenses, and any expert witness fees, as provided by 29 U.S.C. § 2617(a)(3); and,

35. That Plaintiff be awarded pre-judgment interest and post-judgment interest on all damages awarded to Plaintiff under the FMLA.

36. Plaintiff further seeks any and all other general, equitable and/or monetary relief as deemed just by the Court.

       Respectfully submitted,

       **DONATI LAW, PLLC**

       /s/ *Bryce W. Ashby*
       Donald A. Donati - TN #8633
       Bryce W. Ashby - TN #26179
       Janelle C. Osowski - TN #31359
       1545 Union Avenue
       Memphis, TN 38104
       901/278-1004 (phone)
       901/278-3111 (fax)
       bryce@donatilaw.com
       Attorneys for Plaintiff